UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AUDREY POULARD,                                         13 CV 6833 (SLT) (VMS)

                              Plaintiff,

                                                          **ANSWER WITH**
-against-                                                                                  **JURY DEMAND**

AMERICAN AIRLINES, INC.,

                              Defendant.
-----------------------------------------------------------X

       Defendant, AMERICAN AIRLINES, INC., by and through its attorneys, **RUTHERFORD & CHRISTIE, LLP**, as and for an Answer to the Complaint of the plaintiffs herein, respectfully set forth as follows, upon information and belief:

       FIRST: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "1" in the plaintiff's Complaint.

       SECOND: Admits the allegations contained in the paragraph designated "2" of the plaintiff's Complaint.

       THIRD: Admits the allegations contained in the paragraph designated "3" of the plaintiff's Complaint.

       FOURTH: Admits the allegations contained in the paragraph designated "4" of the plaintiff's Complaint.

       FIFTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "5" of the plaintiff's Complaint and leaves all questions of law to this Honorable Court.

SIXTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "6" of the plaintiff's Complaint and leaves all questions of law to this Honorable Court.

SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "7" of the plaintiff's Complaint.

EIGHTH: Denies each and every allegation contained in the paragraphs designated as "8" of the plaintiff's Complaint.

NINTH: Denies each and every allegation contained in the paragraphs designated as "9" of the plaintiff's Complaint.

TENTH: Denies each and every allegation contained in the paragraphs designated as "10" of the plaintiff's Complaint.

ELEVENTH: Denies each and every allegation contained in the paragraphs designated as "11" of the plaintiff's Complaint.

TWELFTH: Denies each and every allegation contained in the paragraphs designated as "12" of the plaintiff's Complaint.

## AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH: Upon information and belief that whatever damages the plaintiff may have sustained at the time and place mentioned in the Complaint, were caused in whole or in part by the culpable conduct of said plaintiff. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to plaintiff, bears to the culpable conduct which caused said damages.

### AS AND FOR A SECOND SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH: If it is determined that the plaintiff assumed the risk, the defendants plead said facts in diminution of damages in the proportion which the culpable conduct attributable to the plaintiffs bears to the culpable conduct which caused the damages.

### AS AND FOR A THIRD SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH: If the injuries and damages were sustained by the plaintiff at the time and place and in the manner alleged in the Complaint, such damages are attributable, in whole or in part, to the culpable conduct of third parties, and if any damages are recoverable against the defendant, the amount of such damages shall be diminished in proportion to the culpable conduct attributable to third-parties bears to the culpable conduct which caused the damages pursuant to CPLR §1601.

### AS AND FOR A FOURTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH: That the Complaint herein or a part thereof fails to state a cause of action upon which relief may be granted.

### AS AND FOR A FIFTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH: The plaintiff's action may be barred by the equitable doctrines of waiver, estoppel and unclean hands.

### AS AND FOR A SIXTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH: The defendant's liability, if any, to the plaintiffs are limited under Article 16 of the Civil Practice Law & Rules of the State of New York.

### AS AND FOR A SEVENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

NINETEENTH: Upon information and belief, plaintiff's economic loss, if any, as specified in Section 4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral sources, and the defendant is entitled to have the Court consider the same in determining such special damages as provided in Section 4545 of CPLR.

### AS AND FOR AN EIGHTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTIETH: The defendant, AMERICAN AIRLINES, INC., pursuant to Section 1412 of the CPLR, alleges upon information and belief that if the plaintiff sustained any injuries or damages at the time and place alleged in the Complaint, such injuries or damages were the result of the culpable conduct of the plaintiffs because of the plaintiff's negligence or assumption of risk.  Should it be found, however, that defendant is liable to the plaintiffs herein, any liability being specifically denied, then the answering defendant demands that any damages that are found to be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

### AS AND FOR A NINTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIRST: Any injuries or damages claimed were caused, in whole or in part, by the negligence or other culpable conduct of third-parties over which the defendant had no control or right to exercise such control.

### AS AND FOR A TENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SECOND: Upon information and belief, this Court has not acquired in personam jurisdiction over the defendant based upon improper service of process.

### AS AND FOR AN ELEVENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-THIRD: The plaintiff's claim is barred in whole or in part by the doctrine of preemption under the provisions of the Federal Aviation Act and the Airline Deregulation Act of 1978.

### AS AND FOR A TWELFTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FOURTH: If the defendant is found liable, and such liability is less than or equal to 50% of the total liability of all persons and/or entities who may be found liable, then the defendant's liability shall be limited to its equitable share, pursuant to Article 16 of the CPLR.

### AS AND FOR A THIRTEENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIFTH: The liability of defendant, AMERICAN AIRLINES, INC., if any,

with respect to the injuries allegedly sustained by plaintiff, is limited in accordance with AMERICAN AIRLINE'S conditions of carriage and contracts of carriage and tariffs.

### AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SIXTH: Plaintiff's damages, to the extent that they exist, were caused and brought about by an intervening and superseding cause and were not caused by the defendants, or by a person or entity for whom the defendants are responsible.

### AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: The defendant's actions with respect to the plaintiff were not extreme, outrageous or conscience shocking.

### AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: The defendant took all necessary measures to avoid the occurrence alleged in Plaintiff's Complaint.

### AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-NINTH: Pursuant to tariffs on file with the Department of Transportation of the Untied States, defendant's liability, if any, is partial only and limited.

## AS AND FOR AN EIGHTEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

THIRTIETH: The travel of the plaintiffs involved international transportation subject to all the terms and conditions of the Convention for the Unification of Certain Rules for International Carriage by Air, commonly referred to as the Montreal Convention; and defendant, American Airlines, Inc., therefore, claims exemption from and limitation of liability in accordance with the terms and conditions of the said Montreal Convention, to the extent that same is applicable, including, but not limited to, Articles 17, 20, 21, 22 and 29 of the Montreal Convention; and all applicable tariffs, including those incorporating the IATA Intercarrier Agreement on Passenger Liability.

## AS AND FOR A NINETEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIRST: Plaintiff's damages are limited by the Montreal Convention, to the extent same is applicable.

## AS AND FOR A TWENTIETH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SECOND: The plaintiff's claims are time-barred because of the two-year statute of limitations under the Montreal Convention, to the extent same is applicable.

## DEMAND FOR A JURY TRIAL

THIRTY-THIRD: Defendant, AMERICAN AIRLINES, INC., demands a trial by jury as to any and all issues raised in the Complaint and this Answer which are triable before a jury.

WHEREFORE, defendant, AMERICAN AIRLINES, INC., demands judgment dismissing the Complaint herein, and the costs and disbursements incurred in this action.

Dated: New York, New York
December 6, 2013

                                        Yours, etc.

                                        **RUTHERFORD & CHRISTIE, LLP**

By: _____
David S. Rutherford (DR 8564)
Attorneys for Defendant,
AMERICAN AIRLINES, INC.
369 Lexington Avenue, 8th Floor
New York, New York 10017
(212) 599-5799

TO:    DAVID HOROWITZ, P.C.
         Attorney for Plaintiff
         276 Fifth Avenue
         New York, New York 10001
         (212) 684-3630
         Attention: Gloria Drelich, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the **ANSWER WITH JURY DEMAND and NOTICE OF DEPOSITION UPON ORAL EXAMINATION,** along with all exhibits attached thereto, were served regular mail to: DAVID HOROWITZ, P.C., 276 Fifth Avenue, New York, New York 10001, Attention: Gloria Drelich, Esq., on the 6th of December, 2013.

Respectfully submitted,

RUTHERFORD & CHRISTIE, LLP

By: _____
David S. Rutherford (DR 8564)
Attorneys for Defendant,
AMERICAN AIRLINES, INC.
369 Lexington Avenue, 8th Floor
New York, New York 10017
(212) 599-5799